NORTHERN MICHIGAN EDUCATION ASSOCIATION v
KALKASKA PUBLIC SCHOOLS BOARD OF EDUCATION (ON
REMAND)

NORTHERN MICHIGAN EDUCATION ASSOCIATION v
VANDERBILT AREA SCHOOLS

Docket Nos. 77-3340, 77-4306, 77-4307. Submitted October 10, 1978, at
Lansing.—Decided December 8, 1978. Leave to appeal applied
for.

On August 23, 1976, Northern Michigan Education Association
(NMEA) filed a petition with the Michigan Employment Rela-
tions Commission (MERC) seeking to replace the Kalkaska
Education Association as collective bargaining representative
for the teachers of the Kalkaska Public Schools. The Kalkaska
Board of Education opposed the election of NMEA on the
grounds of a conflict of interest in that NMEA represented
other teachers in other school districts. Inaction by the Kal-
kaska Board of Education on the election petition caused
NMEA to file an unfair labor practice charge with MERC
alleging that the Kalkaska Board of Education's refusal to
consent to NMEA's certification as exlusive bargaining agent
violated the public employment relations act. On January 12,
1977, MERC, following a hearing on the petition and unfair
labor charge, issued a unanimous decision, on April 19, 1977,
directing the Kalkaska Board of Education to hold an election.

On April 25, 1977, a petition for election was filed by NMEA,
with MERC, seeking an election to certify NMEA as bargaining
representative for the Vanderbilt Area Schools. The Vanderbilt
Area Schools objected to the election for the same reasons as
the Kalkaska Board of Education. In early May 1977, the
Kalkaska Board of Education filed an application for leave to
appeal and a motion for stay of MERC's order with the Court of

REFERENCES FOR POINTS IN HEADNOTES
[1] 48 Am Jur 2d, Labor and Labor Relations § 446.
[2] 48 Am Jur 2d, Labor and Labor Relations §§ 438, 1193, 1194.
[3] 48 Am Jur 2d, Labor and Labor Relations § 1194.
[4] 48 Am Jur 2d, Labor and Labor Relations § 491.
[5] 5 Am Jur 2d, Appeal and Error § 736.

Appeals. On May 18, 1977, the Court of Appeals denied leave to appeal. The Kalkaska School District applied for leave to appeal to the Supreme Court. On or about June 23, 1977, the school districts stipulated that the record of the hearing before MERC regarding the Kalkaska Public Schools was to be treated as the record for the Vanderbilt case. On August 17, 1977, the Vanderbilt Area School's motion to stay the election was denied. On October 19, 1977, the Supreme Court remanded to the Court of Appeals for consideration the Kalkaska case as on leave granted, 401 Mich 826 (1977). On February 10, 1978, the Court of Appeals granted Vanderbilt's application for leave to appeal and in the same order, on its own motion, ordered consolidation of the Kalkaska and Vanderbilt appeals. The issues on appeal are (1) whether MERC acted properly when it directed an election to determine if NMEA would be the teachers' collective bargaining agent over the objection of the Kalkaska Board of Education where NMEA represented other teachers in other school districts, and (2) whether the transcript of the unfair labor practice hearing concerning Kalkaska Board of Education's refusal to bargain should be added to the record on appeal. *Held:*

1. There was no showing of a conflict of interest which would interfere with NMEA's loyalty to the teachers of both the Kalkaska and Vanderbilt school systems; a collective bargaining representative may serve the teachers of more than one school where the possibility of a substantial conflict of interest is too remote to preclude fair representation of the teachers in different school districts.

2. The Court of Appeals may add relevant evidence where it is necessary to resolve a matter before it; however, a request to supplement an appeal record with after-acquired testimony may be rejected where no good cause for the addition is shown by the petitioner.

Affirmed.

1. Labor Relations—Labor Mediation Act—Labor Disputes—Collective Bargaining—Bargaining Representatives—Bargaining Units—Statutes.

A section of the labor mediation act does not place a restriction in the determination of the bargaining unit which will best secure to employees their right of collective bargaining on the bargaining representative; it restricts the bargaining unit (MCL 423.9e; MSA 17.454[10.4]).

2. Labor Relations—Collective Bargaining—Public Employment Relations Act—Selection of Bargaining Representative—Statutes.

The manner of selecting a collective bargaining representative

and the representative chosen are matters exclusively within the province of the employees under the public employment relations act; the employer has no voice in choosing the representative for its employees and must maintain neutrality in the selection process (MCL 423.209; MSA 17.455[9]).

3. SCHOOLS AND SCHOOL DISTRICTS—LABOR RELATIONS—COLLECTIVE BARGAINING—CONFLICT OF INTEREST—FAIR REPRESENTATION.

A collective bargaining representative is not disqualified from serving as a bargaining representative for more than one school district where the possibility of a substantial conflict of interest is too remote to preclude fair representation of the teachers in different school districts.

4. LABOR RELATIONS—COLLECTIVE BARGAINING—ELECTION PETITIONS— BARGAINING REPRESENTATIVE—CONFLICT OF INTERESTS—DISQUALIFICATION.

A challenge to an election petition followed by a hearing on election petition objections is the proper method of determining whether a labor organization with alleged extra-unit interests is disqualified from acting as a collective bargaining representative.

5. APPEAL AND ERROR—COURT OF APPEALS—POWERS—ADDITION OF RELEVANT EVIDENCE—AFTER-ACQUIRED TESTIMONY—GOOD CAUSE.

A court rule empowers the Court of Appeals to add relevant evidence it deems necessary to resolve a matter before it; however, good cause must be shown for supplementing an appeal record with after-acquired testimony (GCR 1963, 820.1).

*Foster, Swift, Collins & Coey, P.C.* (by *Arthur R. Przybylowicz),* for plaintiff.

*Thrun, Maatsch & Nordberg* (by *Harry J. Zeliff* and *Joe D. Mosier),* for defendants.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Francis W. Edwards,* Assistant Attorney General, for Michigan Employment Relations Commission.

Amici Curiae:

*William E. Lobenherz,* for Michigan Association of School Boards.

*Robert A. Huston,* for Brandywine Public Schools.

Before: DANHOF, C.J., and BASHARA and CYNAR,* JJ.

BASHARA, J. This appeal arises from a ruling by the Michigan Employment Relations Commission (MERC) that plaintiffs were not disqualified from serving as bargaining representatives for teachers from both the school systems.[1]

Defendants Kalkaska Board of Education and Vanderbilt Area Schools, ably assisted by comprehensive briefs of amici, contend the Northern Michigan Education Association (NMEA) is an improper bargaining representative for the teachers in their respective systems. The defendants primarily base their contention on the provisions of the labor mediation act, MCL 423.9e; MSA 17.454(10.4). Defendants argue the statute provides that the bargaining unit shall be the employees of one employer, and that the school board is required to deal with a labor organization only when it exclusively represents their employees. Defendants claim that a union representing more than one bargaining unit involving several school systems creates a conflict of interest.

The section in question states:

---

[1] This matter originally came to the Court of Appeals on an application for leave to appeal a MERC opinion ordering an election in the Kalkaska school system. Defendants appealed this Court's denial of the application to the Supreme Court. In lieu of granting leave to appeal, the Supreme Court remanded the case to this Court for consideration as on leave granted, 401 Mich 826 (1977). The record in the Kalkaska hearing was adopted in the case involving the Vanderbilt Area Schools and the cases were consolidated for appeal here.

"The commission, after consultation with the parties, shall determine such a bargaining unit as will best secure to the employees their right of collective bargaining. The unit shall be either the employees of one employer employed in one plant or business enterprise within this state, not holding executive or supervisory positions, or a craft unit, or a plant unit, or a subdivision of any of the foregoing units. If the group of employees involved in the dispute was recognized by the employer or identified by certification, contract, or past practice, as a unit for collective bargaining, the commission may adopt that unit." MCL 423.9e; MSA 17.454(10.4).

A close reading of that section reveals that it does not place a restriction on the bargaining representative, but restricts the bargaining unit itself. In the present case, there is no dispute as to the appropriateness of the bargaining unit.

The public employment relations act (PERA), MCL 423.201 *et seq.;* MSA 17.455(1) *et seq.,* is the dominant law governing public employee labor relations in Michigan. *The Lamphere Schools v Lamphere Federation of Teachers,* 400 Mich 104; 252 NW2d 818 (1977). Section 9 of the PERA provides that,

"It shall be lawful for public employees to organize together or to form, join or assist in labor organizations, to engage in lawful concerted activities for the purpose of collective negotiation or bargaining or other mutual aid and protection, or to negotiate or bargain collectively with their public employers through representatives of their own free choice." MCL 423.209; MSA 17.455(9).

A provision similar to the above cited PERA section is found in the National Labor Relations Act, 29 USC 157.

Our Supreme Court has frequently indicated

reliance upon construction of provisions of the NLRA through decisions of the National Labor Relations Board and the Federal Courts in construing the analogous state statute. *Rockwell v Crestwood School District Board of Education,* 393 Mich 616; 227 NW2d 736 (1975).

Several Federal decisions have found that the principal concern is whether a collective bargaining representative was the free choice of the employees. The manner of selection and the representative chosen are matters exclusively within the province of the employees. The employer has no voice in choosing the representative for its employees and must maintain neutrality in the selection process. *NLRB v Jones & Laughlin Steel Corp,* 301 US 1; 57 S Ct 615; 81 L Ed 893 (1937), *Minnesota Mining & Mfg Co v NLRB,* 415 F2d 174 (CA 8, 1969).

The NMEA admittedly represents employees of several school districts. Defendants contend this creates sufficient conflict so as to preclude the NMEA from serving as bargaining representative to any single school district.

Defendants rely on *Bausch & Lomb Optical Co,* 108 NLRB 1555; 34 LRRM 1222 (1954), in support of their position. However, in that case the union had set up an optical business which directly competed with the employer. Likewise, in *Bambury-Fashions Inc,* 179 NLRB 447; 72 LRRM 1350 (1969), a union was disqualified because it was operating a business in direct competition with the employer. The NLRB reasoned that the union's interests in representing the employee salesmen conflicted substantially with its primary interest in coordinating the activities of its affiliates. See also *NLRB v David Buttrick Co,* 399 F2d 505 (CA 1, 1968), where the Court affirmed an NLRB hold-

ing that the danger of conflict was not clear and present.

The facts in the case at bar are distinguishable from those cited by defendants. The competition factor is not present here. We agree with the administrative law judge and MERC that the possibility of a substantial conflict of interest is too remote to preclude the NMEA from representing teachers in different school districts.

Defendants also contend that a hearing on objections to an election petition is the proper method for determining whether a labor organization with alleged extra-unit interests is disqualified from acting as collective bargaining representative. Neither the plaintiffs nor MERC has addressed this issue in their respective briefs.

We accept the premise of defendants as correct, not only because plaintiffs have failed to respond, but because a challenge to an election petition is a proper method of determination in such a case. See *NLRB v H P Hood Inc,* 496 F2d 515 (CA 1, 1974), and *City of Hart,* 1976 MERC Labor Opinions p 252.

Defendants' final argument is that this Court should permit the record in this case to be supplemented by the transcript and exhibits of an unfair labor practice hearing held on August 9, 1977. The hearing in question was held approximately seven months after the appeal bringing the principal matter before this Court.

GCR 1963, 820.1 empowers the Court of Appeals to add relevant evidence it deems necessary to resolve a matter before it. However, defendants have shown no good cause for supplementing the present record with after-acquired testimony. We also consider that defendants made no objection to the record when they appealed to this Court. It

should also be noted that this Court has already rejected such a request.

We conclude that there has been no showing that a conflict of interest exists which will interfere with the plaintiff representative's loyalty to the defendants' employees.

Affirmed, no costs, a public question being involved.